

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUDITH C. MAY,

    Plaintiff,

v.

CITY OF RICHMOND, TWO POLICE OFFICERS, RICHMOND SMALL CLAIMS COURT JUDGE,

    Defendant.

No. C 09-03461 CRB

**ORDER DISMISSING CASE**

    This action was brought by pro se plaintiff Judith May, who has requested leave to proceed in forma pauperis. Plaintiff has made the showing required by 28 U.S.C. § 1915, and so her request to proceed in forma pauperis is hereby GRANTED. However, pursuant to 28 U.S.C. § 1915, the court is directed to dismiss a case at any time if it determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). When a plaintiff is pro se, the complaint must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Nonetheless, "[p]ro se litigants must follow ths same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

It is well established that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id., citing 5 C. Wright & Miller, Federal Practice and Procedure 1216, pp. 235-236 (3d ed. 2004). A complaint must also allege plausible claims. See Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff here has named as defendants the "City of Richmond," "Two Police Officers," and "Richmond Small Claims Court Judge." Complaint at 1. Plaintiff has provided no additional information as to the identities of the Defendants.[1] The Complaint also fails to state both the grounds for this Court's jurisdiction and the legal causes of action alleged against the Defendants. Instead, the Complaint consists of a single paragraph that runs for two-and-a-half-pages, describing Plaintiff's interactions with various City of Richmond officials. Plaintiff's Complaint alleges the following facts: two police officers knocked on the door to the room Plaintiff was renting, served her with a restraining order, and then evicted her; a judge examined the restraining order (which the judge "could tell" was "invalid"); and Plaintiff "lost in court." Id. at 1-2. Plaintiff asserts that it took her three weeks to access the room from which she was evicted, and that "the entire ordeal was a humiliating experience." Id. at 2. Claiming "mental anguish, distress, loss of reputation, and

---

[1] Plaintiff attached to her Complaint a single copy of an audio cd that appears to be a recording of a legal proceeding involving these same facts. The cd case has a "CCC Superior Court" label on it. Plaintiff also attached to the Complaint a form labeled "Superior Court of California, County of Contra Costa Electronic Recording Purchase Request," which states under the heading of Case Information: May v. City of Richmond, Small Claims case no. RSC03-0310. The date of the hearing identified on the form is April 17, 2003. The Court has listened to Plaintiff's cd and finds that it fails to fill in the missing information in Plaintiff's Complaint.

2

loss of employment," Plaintiff asks the Court to impeach the judge, fire the police officers, and award her monetary relief. Id. at 2-3.

This is not sufficient under Rule 8(a) or the plausibility standard outlined in Iqbal. Plaintiff's complaint is therefore DISMISSED with leave to amend within thirty (30) days. In her amended complaint, Plaintiff must provide the grounds for this Court's jurisdiction, identify whom she is suing and what claims she is bringing against each Defendant, and provide the basis for these claims. Failure to comply with this Order will be deemed grounds for dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: AUG 0 3 2009, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE